**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHAMEKA CAREY and SHAMEKA CAREY, as Parent and Natural Guardian of K.W., Mi.W. and Ma.W., minors<br>8 Morningstar Lane<br>Shippensburg  PA  17257<br><br>        v.<br><br>BARRICK ENTERPRISES, INC.<br>15 Richwalter Street<br>Shippensburg, PA 17257<br>        and<br>DOMINO'S PIZZA, INC.<br>15 Richwalter Street<br>Shippensburg, PA 17257 | NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**AND NOW,** Plaintiff Shameka Carey, individually and on behalf of her minor children K.W., Mi.W., and Ma.W., by and through her attorneys at Freiwald Law, P.C., allege the following in support of this Complaint:

## I.      INTRODUCTION

1.      On May 10, 2024, Shameka Carey ordered three pizzas for delivery for her and her children.  Rather than receiving the pizzas they ordered, Ms. Carey and her children were delivered a trip back to the Jim Crow-era, with racial slurs written all over the pizza boxes.



## II.    PARTIES

2.    Plaintiff Shameka Carey (herein, "Ms. Carey") is an adult individual who resides in the Commonwealth of Pennsylvania.

3.    Plaintiff Ms. Carey is the parent and natural guardian of Minor Plaintiffs K.W. (14 years old), Mi.W. (12 years old), and Ma.W. (12 years old).  Ms. Carey's three children reside with her.

4.    Defendant Barrick Enterprises, Inc. is a Pennsylvania corporation with a registered address of 26a Spring Avenue, Gettysburg, Pennsylvania 17325.

5.    At all relevant times, Defendant Barrick Enterprises, Inc. owned, maintained, controlled and operated a Domino's Pizza franchise located at 15 Richwalter Street, Shippensburg, Pennsylvania 17257 (herein, the "Shippensburg Domino's").

6.    Defendant Domino's Pizza, Inc. is a corporation with a registered address and principal place of business located at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan 48105.

7.    Defendant Domino's Pizza, Inc. is owned, maintained, controlled, and/or was the franchisor of the Shippensburg Domino's.

8.    Both Defendant Domino's Pizza, Inc. and Defendant Barrick Enterprises, Inc., individually or jointly, were responsible for the operations of the Shippensburg Domino's, including issues relating to pizza delivery, policies, staff hiring and training, and diversity and inclusion.

9.    Further, Defendant Domino's Pizza, Inc. offers delivery insurance, ensuring satisfaction with every pizza delivery.

## III. VENUE AND JURISDICTION

10. This Court has jurisdiction pursuant to 42 U.S.C.A. §1988 for actions brought pursuant to 42 U.S.C.A. §1981 and §1982.

11. This Court has federal question jurisdiction over Plaintiff's federal discrimination claims, pursuant to 28 U.S.C. §1331.

12. Further, this Court has supplemental jurisdiction over the state common-law claims, pursuant to 28 U.S.C. § 1367.

13. Jurisdiction and venue are proper in this jurisdiction, pursuant to 28 U.S.C. §1391(b), because all of the substantial transactions and occurrences out of which this action arose occurred in this District and because Defendant conducts substantial business in this District.

## IV. FACTUAL BACKGROUND

14. Defendant Domino's Pizza, Inc.'s website makes a series of promises about how it treats its customers, including Ms. Carey.

15. For instance, Defendant Domino's Pizza, Inc.'s website states, "Domino's is a purpose-inspired and performance-driven company with exceptional people who are committed to feeding the power of possible, one pizza at a time. At the heart of our brand is a set of values that define our core beliefs on how we run our business, treat our people, support our franchisees and serve our customers."

16. Defendant Domino's Pizza, Inc. promises:

   a. "Do The Right Thing - We act with integrity and make disciplined decisions, even when it's difficult or unpopular. High ethical standards and uncommon honesty are at the heart of how we work together. We are committed to safely and responsibly serving our customers, and giving back in the communities where we live and work."

b.    "Put People First - We create an inclusive culture, knowing our people are core to our success. We treat each other with dignity, respect, and we value the differences each team member brings. We strive to be a company where all team members can bring their full selves to work and know that they belong, contribute and reach their potential."

c.    "Champion Our Customers - We deliver on our promises, treating each order and interaction as an opportunity to deepen relations by delivering great products, services, and experiences. We hold ourselves accountable, and if we don't deliver on a promise, we'll make it right."

d.    "Grow And Win Together - We are not playing a finite game. We are committed to building an enduring brand that outlives any of our individual contributions. We will grow together, deliver exceptional results together, celebrate wins together, have fun together and leave the brand in a better place for those who come after."

17.    While these promises are made on Defendant Domino's Pizza's, Inc.'s website, they are made on behalf of both itself and its franchised restaurants, including Defendant Barrick Enterprises, Inc. and the Shippensburg Domino's.

18.    Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. failed to live up to these promises – and failed to make sure that the employees of the Shippensburg Domino's lived up to these promises – in its dealings with Ms. Carey.

19.    Defendant Domino's Pizza, Inc. also offers a "delivery insurance program," whereby it promises, "If you're not completely satisfied with your Domino's delivery experience for whatever reason, Domino's will make it right."

20.    This delivery insurance program is made on behalf of both Defendant Domino's Pizza, Inc. and its franchised restaurants, including Defendant Barrick Enterprises, Inc. and the Shippensburg Domino's.

21.    Rather than "making it right" or delivering on any of the promises it made to its customers, Defendants Domino's Pizza, Inc. and Defendant Barrick Enterprises, Inc. treated Ms. Carey with bigotry, discrimination, and harmful words.

22.     Plaintiff Ms. Carey and her children are African-American.

23.     On May 10, 2024, at about 8:50 p.m., Ms. Carey placed an order via Domino's Pizza, Inc.'s website for three pizzas to be delivered to her house.

24.     The pizzas were paid for in advance on Ms. Carey's credit card.

25.     The name on the order and on the credit card used was Shameka Carey.

26.     Ms. Carey ordered the pizzas from the Shippensburg Domino's location.

27.     Ms. Carey had frequently ordered delivery pizza from the Shippensburg Domino's location and the staff at that location were familiar with her and her family.

28.     In other words, when Ms. Carey ordered the pizzas, the Shippensburg Domino's staff knew that the order was placed by an African-American family.

29.     When the pizzas were delivered, Ms. Carey and her family were shocked, frightened, and humiliated by what they found.

30.     Ms. Carey's son, Mi.W., age 12, accepted the pizza from the door and placed the pizza on the family's stove top.

31.     Ms. Carey and her daughter Ma. W., both aged 12, then went to get pizza.

32.     Ms. Carey was dismayed at what she found.

33.    The three pizza boxes were covered with the word "nigger" written over the boxes, as shown below:

  

34.    Given the threatening nature of the racial slurs written on the pizza boxes, Ms. Carey was unable to eat the pizzas. She advised Domino's of what had occurred, and a Domino's representative picked them back up.

35.    Ms. Carey and her children will now be required to live with the fear and memories of this incident.

36.    As a direct and proximate result of the Shippensburg Domino's shocking actions, Ms. Carey and her kids were humiliated, embarrassed and emotionally distressed.

37.    As a direct result of Defendants' actions, Ms. Carey and her children have sustained significant and/or permanent injuries, including the following:

(a)    shock;

(b)    embarrassment;

(c)    humiliation;

(d)    anxiety;

(e)    stress;

(f)    sleepless nights; and

(g)    change in behavior.

## V.    COUNTS

### COUNT I - RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C.A. § 1981
### Plaintiff vs. All Defendants

38.    All preceding paragraphs are incorporated here.

39.    Ms. Carey and her children are African-American and therefore are members of a protected class against racial discrimination under 42 U.S.C.A. §1981.

40.    Ms. Carey and her children suffered racial discrimination in their dealings with the Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc.

41.    The actions of Defendants were unreasonable and substantially interfered with Ms. Carey's ability to make and enforce a contract, which is an enumerated activity. *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)

42.    Ms. Carey was unable to receive the benefit of her pizza purchase because of the threatening racial slur written on the pizza boxes.

43.    Defendants' actions can be inferred as intentionally discriminatory due to the racial slur written on the pizza boxes.

44.    As a direct and proximate result of Defendants' actions and/or inactions, Ms. Carey has suffered damages to her civil rights and personal dignity, which includes the following:

(a)    shock;

(b)    embarrassment;

(c)    humiliation;

(d)   anxiety;

(e)   stress;

(f)   sleepless nights; and

(g)   change in behavior.

45.   Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. are vicarious liable for the conduct of the Shippensburg Domino's employees, agents, and ostensible agents.

**WHEREFORE,** Plaintiff demands judgment in her favor against Defendants for an amount in excess of $75,000, along with interest, punitive damages, and other such relief as this Court deems just.

## COUNT II - RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C.A. § 1982
### Plaintiff vs. All Defendants

46.   All preceding paragraphs are incorporated here.

47.   Ms. Carey and her children are African-American and therefore are members of a protected class against racial discrimination under 42 U.S.C.A. §1982.

48.   Ms. Carey and her children suffered racial discrimination in their dealings with Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc.

49.   The actions of the Defendants were unreasonable and substantially interfered with Ms. Carey's ability to make and enforce a contract, which is an enumerated activity. *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)

50.   Ms. Carey was unable to receive the benefit of her pizza purchase because of the threatening racial slur written on the pizza boxes.

51.   Defendants' actions can be inferred as intentionally discriminatory due to the racial slur written on the pizza boxes.

52.     As a direct and proximate result of Defendants' actions and/or inactions, Ms. Carey has suffered damages to his civil rights and personal dignity, which includes the following:

    (a)    shock;

    (b)    embarrassment;

    (c)    humiliation;

    (d)    anxiety;

    (e)    stress;

    (f)    sleepless nights; and

    (g)    change in behavior.

53.     Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. are vicarious liable for the conduct of the Shippensburg Domino's employees, agents, and ostensible agents.

**WHEREFORE,** Plaintiff demands judgment in her favor against Defendants for an amount in excess of $75,000, along with interest, punitive damages, and other such relief as this Court deems just.

### COUNT III - NEGLIGENT TRAINING, SUPERVISION AND HIRING
### <u>Plaintiff vs. All Defendants</u>

54.     All preceding paragraphs are incorporated here.

55.     Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. had a duty to exercise reasonable care in the selection, hiring, retention, supervision, and training of its employees and managers.

56.     The duty of care required that Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. hire, retain, supervise, and train its employees to not act in a racially discriminatory manner.

57. Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. breached these duties of care.

58. Defendants' failures to exercise such reasonable care proximately caused harm to Plaintiff and her family, as described throughout this Complaint.

59. As a direct and proximate result of Defendants' negligent conduct, Plaintiff sustained the damages described in this Complaint.

**WHEREFORE,** Plaintiff demands judgment in her favor against Defendants for an amount in excess of $75,000, along with interest, punitive damages, and other such relief as this Court deems just.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff vs. All Defendants

60. All preceding paragraphs are incorporated here.

61. Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. owed a duty to its customers to treat them appropriately in a civilized manner, within the common standards of human decency, and in a non-discriminatory manner.

62. Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. were the employer, either solely and/or jointly, of the Shippensburg Domino's employee who wrote on the pizza boxes delivered to Plaintiff.

63. At all relevant times, Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. knew or should have known that its employees failed to interact, serve, and treat its customers respectfully, within the acceptable standards of decency, and in a non-discriminatory manner.

64.     At all relevant times, Defendants Domino's Pizza and Barrick Enterprises, knew or should have known that its employees verbally attack its customers with racial slurs, causing significant harm and emotional distress.

65.     At all relevant times, Defendants Domino's Pizza and Barrick Enterprises, should have had policies, practices and/or procedures in place to ensure that Ms. Carey and similar customers would be properly treated and serviced and not be subjected to racial slurs.

66.     The actions of the Shippensburg Dominio's employees towards Plaintiff, by writing racial slurs on the pizza boxes delivered to Plaintiff, constitute extreme and outrageous conduct.

67.     Defendants knew or should have known that subjecting Plaintiff to racial slurs would cause extreme emotional distress to Plaintiff.

68.     Defendants' actions toward Plaintiff were outrageous in character, and go beyond all possible bounds of decency, and are to be regarded as atrocious and utterly intolerable in a civilized community.

69.     Defendants' actions towards Plaintiff, have caused a physical impact, including stress, nervousness, and anxiety, and continue to cause severe emotional distress, anxiety, and change in behavior.

**WHEREFORE,** Plaintiff demands judgment in her favor against Defendants for an amount in excess of $75,000, along with interest, punitive damages, and other such relief as this Court deems just.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff vs. All Defendants

70.     All preceding paragraphs are incorporated here.

71.     Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. owed a duty to its customers to treat them appropriately in a civilized manner and within the common standards of human decency.

72.     Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. were the employer, either solely and/or jointly, of the Shippensburg Domino's employee who wrote on the pizza boxes delivered to Plaintiff.

73.     At all relevant times, Defendants Domino's Pizza, Inc. and Barrick Enterprises, Inc. knew or should have known that its employees failed to interact, serve, and treat its customers respectfully, within the acceptable standards of decency, and in a non-discriminatory manner.

74.     At all relevant times, Defendants knew or should have known that its employees verbally attacked its customers with racial slurs, causing significant harm and emotional distress.

75.     At all relevant times, Defendants should have had policies, practices and/or procedures in place to ensure that Ms. Carey and similar customers would be properly treated and serviced and not be subjected to racial slurs

76.     The actions of the Shippensburg Dominio's employees towards Plaintiff, by writing racial slurs on the pizza boxes delivered to Plaintiff, constitute extreme and outrageous conduct.

77.     Defendants knew or had reason to know that subjecting Plaintiff to racial slurs would cause extreme emotional distress to Plaintiff.

78.     Defendants' actions toward Plaintiff were outrageous in character, go beyond all possible bounds of decency, and are to be regarded as atrocious and utterly intolerable in a civilized community.

79.    Defendants' actions towards Plaintiff, have caused a physical impact, including stress, nervousness and anxiety and continue to cause severe emotional distress and anxiety and change in behavior.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants in an amount in excess of $75,000, along with punitive damages and other such relief as this Court deems just.

**FREIWALD LAW, P.C.**

/s/ Joseph Marano

By:    JOSEPH MARANO, ESQUIRE
ZACHARY S. FEINBERG, ESQUIRE
Counsel for Plaintiff

Date:  August 30, 2024